UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| BEYMAR OSIEL PEREZ RAMIREZ, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:15-cv-22208 |
| PINNACLE A ROOFING COMPANY, | ) | Williams/Simonton |
| PINNACLE ROOFING INC., | ) | |
| ROBERT THOMAS, | ) | |
| Defendants | ) | |
| _____/ | | |

**DEFENDANTS PINNACLE A ROOFING COMPANY AND ROBERT THOMAS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2) and 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e), AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(6) and 12(e), Defendants Pinnacle A Roofing Company ("Pinnacle A") and Robert Thomas ("Thomas"), by and through their undersigned counsel, hereby respectfully move the Court to dismiss Counts I and II of the Complaint herein [DE 1] as directed against Pinnacle A and Thomas, for failure to state a claim upon which relief can be granted, or, in the alternative, for a more definite statement, pursuant to Fed. R. Civ. P. 12(e) (the "Motion").

**MEMORANDUM OF LAW**

### I.  Introduction

Plaintiff initiated this action against (1) Pinnacle A, (2) an unrelated entity which Plaintiff identifies as "PINNACLE ROOFING INC.", and (3) Thomas, seeking relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., for relief under the overtime wage requirements of 29 U. S. C. § 216(b) and the anti-retaliation prohibition in 29 U.S. C. § 215(a)(3) (which the Complaint slightly misidentifies as "215(**A**)(3)" in Complaint ¶ 24).

According to "Weekly Payroll Report(s)" and "Weekly Payroll Time Sheet(s)" contemporaneously maintained by Pinnacle A, the Plaintiff was employed and paid by Pinnacle A for work performed from October 15, 2014 to June 9, 2015. *See* Composite Exhibit A Attached hereto and made a part hereof by this reference. None of these Reports/Time Sheets indicates that Plaintiff worked more than forty (40) hours for Pinnacle A during any workweek. From March 18 through the final such record relating to Plaintiff, dated "06-03-  06-09-15", each such record carried the legend: "**This Time Sheet to be Filled out by Employee Only**"

At the outset, Pinnacle A and Thomas note that paragraph 9 of the Complaint seriously misquotes 29 U.S.C. § 207(a)(1). The Complaint quotes the language of that provision as follows: "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate." The actual language of 29 U.S.C. § 207(a)(1), however, is:

> …no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Without, at the least, an Order of this Court requiring a more definite and accurate statement from Plaintiff of 29 U.S.C. § 207(a)(1), Pinnacle A and Thomas will be forced to proceed on the basis of a version of this key provision which is, in fact, inaccurate.

## II. The Defendant Identified by Plaintiff as "Pinnacle Roofing Inc." is Wholly Unknown to Pinnacle A and/or Thomas.

The publicly available records of the Florida Department of State, Division of Corporations, list one active entity under the name "Pinnacle Roofing Inc.", but both Pinnacle A and Thomas hereby represent to the Court that their business is in no way affiliated with this entity and never has been so affiliated. (*See* copy of online record and Articles of Incorporation for Pinnacle Roofing Inc., attached hereto as Exhibit B and made a part hereof by this reference.) The Complaint's references to "Pinnacle Roofing Inc." must therefore be stricken, and Pinnacle A and Thomas hereby move that the Court do so, in order to avoid perpetuating Plaintiff's confusion in this respect.

Moreover, the Complaint goes on to refer collectively to a "Defendant Corporation" and "Defendant Company" (*e.g.*, Complaint at ¶¶ 5, 13, 14) and "Defendants" (presumably including the stranger entity Pinnacle Roofing Inc.), (*e.g.*, Complaint at ¶¶ 7, 10, 11, 12, 15, 18, 20, 21, 22, 23 and elsewhere) and "Defendant" (singular) (*e.g.*, Complaint at ¶ 11), without specifying which purported Defendant was or was not involved in the associated allegations.

Under these circumstances, and since Plaintiff is responsible for creating this multi-layered confusion (*i.e.,* by (1) including a wholly unaffiliated "stranger" enterprise as a party defendant; and (2) not specifying whether it is that unaffiliated defendant or another which is responsible for what), it is critical that the Court order the filing of a more definite statement pursuant to Fed. R. Civ. P. 12(e) so that

the remaining Defendants, if any, can be made aware of what is and is not specifically alleged against them.

### III. Rule 12(e) Requires a More Definite Statement

Fed. R. Civ. P. 12(e) provides in pertinent part:

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

As against Pinnacle A, the Complaint is "vague and ambiguous" in the following respects:

(a) As noted above, the "quoted" language of 29 U. S. C. § 207(a)(1) has been so badly garbled that Pinnacle A should not be required to respond until that provision is accurately alleged.

(b) Given the errant inclusion of "Pinnacle Roofing Inc.," an entity completely unknown to Pinnacle A, in the list of three Defendants, Pinnacle A cannot reasonably know which entity Plaintiff refers to in the singular in, *inter alia*, Complaint ¶ 5 ("manager of the Defendant Corporation"); ¶ 11 ("Defendant's business"); ¶ 12 ("Defendant's business"); ¶ 13 ("the Defendant Corporation"); ¶ 14 ("the Defendant Corporation's gross sales").

(c) Given the errant inclusion of "Pinnacle Roofing Inc.," a completely unaffiliated entity, in the list of three Defendants, Pinnacle A cannot reasonably know which entities Plaintiff refers to in the plural (*i.e.*, which two or more of the three Defendants?) in, *inter alia*, Complaint ¶ 7 ("the Defendants"); ¶ 10 (""Plaintiff worked for Defendants"); ¶ 11 ("Plaintiff's work for the Defendants" (four times), and "supplied to him by the Defendants"); ¶ 18 ("63 hours a week for Defendants"); ¶ 20 ("Defendants willfully and intentionally"); ¶ 21

("overtime wages to Defendants"); ¶ 22 ("terminated by Defendants"); and ¶ 23 ("Defendants' termination").

As against Thomas, the Complaint is "vague and ambiguous" in the following respects:

(a) The "quoted" language of 29 U. S. C. § 207(a)(1) has been so badly garbled that Thomas should not be required to respond until that provision is accurately alleged.

(b) Given the errant inclusion of "Pinnacle Roofing Inc.," an entity completely unknown to Thomas, in the list of three Defendants, Thomas cannot reasonably know which entity Plaintiff refers to in the singular in, *inter alia*, Complaint ¶ 5 ("manager of the Defendant Corporation"); ¶ 11 ("Defendant's business"); ¶ 12 ("Defendant's business"); ¶ 13 ("the Defendant Corporation"); ¶ 14 ("the Defendant Corporation's gross sales").

(c) Given the errant inclusion of "Pinnacle Roofing Inc.," a completely unaffiliated entity, in the list of three Defendants, Thomas cannot reasonably know whether he is included as one of the referenced "Defendants" Plaintiff refers to in the plural in, *inter alia*, Complaint ¶ 7 ("the Defendants"); ¶ 10 (""Plaintiff worked for Defendants"); ¶ 11 ("Plaintiff's work for the Defendants" (four times), and "supplied to him by the Defendants"); ¶ 18 ("63 hours a week for Defendants"); ¶ 20 ("Defendants willfully and intentionally"); ¶ 21 ("overtime wages to Defendants"); ¶ 22 ("terminated by Defendants"); and ¶ 23 ("Defendants' termination").

If Fed. R. Civ. P. 12(e) is to be given any meaning, it must be applied in this case so that Pinnacle A and Thomas can know to which allegations they are obligated to respond. Accordingly, Pinnacle and Thomas respectfully move the Court to order Plaintiff to file an amended Complaint so that they can "respond

5

thereto...to intelligently discern the issues to be litigated and to properly frame [their] answer or reply." *Conklin v. Boyd*, 189 So. 2d 401, 403-04 (1st DCA 1966).

### IV. The Complaint Should be Dismissed as Against Pinnacle A and Thomas

While there are numerous reported Florida federal cases dealing with the sufficiency of FLSA allegations at the summary judgment stage (*see, e.g., Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, No. 13-24081-CIV, 2015 WL 1810596 (S.D. Fla. Apr. 21, 2015); *Rodriguez v. Home Heroes, LLC,* No. 8:13-CV-2711-T-26AEP, 2015 WL 668009 (M.D. Fla. Feb. 17, 2015))*,* the most recent available case from a Florida District Court dealing with such allegations at the pleading stage is *Hernandez v. Anderson*, No. 5:14-CV-577-OC-39PRL, 2015 WL 3514483 (M.D. Fla. June 4, 2015). Judging from Magistrate Judge Lammens' recitation of the facts of that case, it appears that the complaint in *Hernandez* was strikingly similar to that filed herein, involving a physician's professional association, an apparently affiliated company, and the physician individually. After citing the controlling Supreme Court cases regarding the "plausibility" test for pleadings, *i.e., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*")*,* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"), Magistrate Judge Lammens summarized their teachings as follows: "In short, the law requires something more 'than an unadorned the-defendant-unlawfully-harmed-me accusation.'" 2015 WL 3514483, at *2. Magistrate Judge Lammens went on to dismiss the complaint in *Hernandez*, and it would seem that the same result should apply in this case.

In ruling on the motion to dismiss filed by the Defendants in *Crossley v. Armstrong Homes, Inc.*, No. 5:14-CV-636-OC-30PRL, 2015 WL 2238347, at *2 (M.D. Fla. May 12, 2015), a recent FLSA case in which the defendants were two limited liability companies and a corporation, District Judge Moody noted that:

> Plaintiff has failed to allege any facts from which it can be determined that Defendants jointly employed Plaintiff. For example, Plaintiff has not alleged that his services were shared amongst Defendants nor has he alleged that

6

> each Defendant supervised his work, determined his rate of pay, controlled the conditions of his employment, or had the power to hire and fire him. Thus, Plaintiff has not stated a plausible claim under the FLSA or the FMWA.

Judge Moody then went on to rule (at *4) that:

Because Plaintiff has not alleged any *facts* establishing either individual or enterprise coverage, his FLSA claims (Counts II and III) should be dismissed without prejudice with leave to amend. In amending, Plaintiff shall set forth the nature of Defendants' businesses and explain how the businesses and the duties he performed connect to interstate commerce. (Emphasis in original.)

In reaching its conclusions in *Crossley*, the court relied in part (at *4) on Judge Cohn's decision in *Perez v. Muab, Inc.*, No. 10–62441–Civ., 2011 WL 845818, at *1 (S. D. Fla. Mar. 7, 2011), an earlier FLSA case dealing with a 12(b)(6) motion to dismiss, in which the court observed:

> ...pursuant to *Twombly* [*i.e.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)], to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In *Ashcroft v. Iqbal*, --- U.S. ----, ---- – ----, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Pinnacle A and Thomas submit that both Counts I and II of the Complaint in this case are fatally defective under *Twombly* and *Iqbal*. First, the errant inclusion of the stranger entity "Pinnacle Roofing Inc." as a party defendant has made it unclear which allegations in the Complaint are aimed at which "Defendants" or "Defendant," and the Complaint frequently provides no guidance in this respect (*see, e.g.*, Complaint ¶¶ 5, 7, 10, 11, 12, 13, 14, 18, 20, 21, 22 and 23).

Next, as in *Hernandez*, many allegations of the Complaint herein amount to "formulaic recitation[s] of the elements of a cause of action," and should similarly be dismissed (*see, e.g.,* Complaint ¶¶ 11, 12, 15 (relying in part on involvement of the

stranger Corporation "Pinnacle Roofing Inc."), 16 (also relying in part on involvement of the stranger Corporation "Pinnacle Roofing Inc."), 20, 23, and 24. Finally, Plaintiff's wholesale misquotation of the actual language of 29 U. S. C. § 207(a)(1) in Complaint ¶ 9 would seem sufficient grounds in itself for dismissal as to Pinnacle A and Thomas unless and until Plaintiff rectifies the misquotation. In *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013), for example, the court concluded that:

> A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment. Here, the allegations of the Complaint are materially inconsistent with the sole advertisement Plaintiffs have submitted. We therefore easily conclude that Plaintiffs' claims lack the facial plausibility necessary to survive a motion to dismiss.

And in *Precision Precious Metals, Inc. v U.S.*, 315 F.3d 1346 (Fed. Cir. 2014), the Federal Circuit upheld Rule 11 sanctions against an attorney for misquoting judicial language.

## V. Conclusion

For the above–stated reasons, Defendants Pinnacle A Roofing and Thomas move the Court to dismiss the Complaint filed herein, or, in the alternative, to require that Plaintiff file a more definite statement.

Dated: July 20, 2015

Respectfully submitted,
s/ Barry Oliver Chase/
Barry Oliver Chase, Esq. (Florida Bar No. 0083666)
Barry@ChaseLawyers.com
ChaseLawyers
21 SE 1st Ave., Suite 700
Miami, FL 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
Attorney for Defendants Pinnacle A Roofing Company and Robert Thomas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 20, 2015, I electronically filed the foregoing, DEFENDANTS PINNACLE A ROOFING COMPANY AND ROBERT THOMAS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2) and 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e), AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF, and Exhibits A and B thereto, and that the foregoing document is being served this date on Plaintiff's below-specified counsel of record via Court electronic service to:

**Elizabeth Olivia Hueber**
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
3058656766
Fax: 3058657167
Email: elizabeth.hueber.esq@gmail.com
*ATTORNEY TO BE NOTICED*

**Julia M Garrett**
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: jgarrett.jhzidellpa@gmail.com
*ATTORNEY TO BE NOTICED*

**Steven C. Fraser**
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
305.865.6766
Email: steven.fraser.esq@gmail.com
*ATTORNEY TO BE NOTICED*

**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: ZABOGADO@AOL.COM
*ATTORNEY TO BE NOTICED*

                                                          s/ Barry Oliver Chase/  
                                                          Barry Oliver Chase, Esq. (Florida Bar No. 0083666)  
                                                          Barry@ChaseLawyers.com  
                                                          ChaseLawyers  
                                                          21 SE 1st Ave., Suite 700  
                                                          Miami, FL 33131  
                                                          Telephone: (305) 373-7665  
                                                          Facsimile: (305) 373-7668