UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22208-CIV-WILLIAMS

BEYMAR OSIEL PEREZ RAMIREZ,

    Plaintiff,

vs.

PINNACLE A ROOFING COMPANY, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Pinnacle A Roofing Company and Robert Thomas's motion to dismiss (DE 11), to which Plaintiff filed a response in opposition (DE 15), and Defendants filed a reply (DE 18).

### I.    Background

Plaintiff Beymar Osiel Perez Ramirez brought this action against Defendants Pinnacle Roofing Inc.,[1] Pinnacle A Roofing Company, and Robert Thomas alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (DE 1). Defendants Pinnacle A Roofing Company and Robert Thomas (collectively, "Pinnacle A") have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, or, in the alternative for a more definite statement (DE 11).

Pinnacle A argues that because the complaint collectively refers to "Defendant Corporation," "Defendant Company" and "Defendants" without identifying against which

---

[1] Defendant Pinnacle Roofing Inc., has not appeared or filed a responsive pleading in this matter.

1

particular Defendant(s), the allegations are made, Pinnacle A is unable to respond to the complaint. Pinnacle A argues that this confusion is compounded by the fact that Pinnacle A has no relation to, or knowledge about, Pinnacle Roofing Inc. (DE 11 at 3-4). Pinnacle A also takes issue with the fact that Plaintiff's complaint misquotes portions of the FLSA and is thus vague and ambiguous. Additionally, Pinnacle A contends that the complaint does not include sufficient factual allegations to satisfy the pleading standards in federal court and that the complaint contains nothing more than a formulaic recitation of the elements of a cause of action.

## II. Legal Standard

Under Rule 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When considering a motion for a more definite statement, the Court is guided by the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" giving the defendant fair notice of the Plaintiff's claim and the facts upon which it rests. See Martinez v. Deutsche Bank Nat. Trust Co., No. 5:11-CV-580-OC-10TBS, 2012 WL 834115, at *1 (M.D. Fla. Mar. 13, 2012).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. See GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. See Speaker v. U.S. Dep't.

2

of *Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

### III. Analysis

Pinnacle A argues that throughout the complaint, Plaintiff uses the terms "Defendants", "Defendant Corporation," and Defendant Company" without defining which persons or entities the word refers to. Given that there are three separate defendants in this action and that the relationship of those defendants is unclear, Plaintiff's interchangeable use of "Defendants", "Defendant Corporation", and "Defendant Company" leads to ambiguity and confusion. *See Martinez v. Deutsche Bank Nat. Trust Co.*, No. 5:11-CV-580-OC-10TBS, 2012 WL 834115, at *2 (M.D. Fla. Mar. 13, 2012) (granting motion for more definite statement when Plaintiff used the terms Lender and Defendant interchangeably leading to ambiguity and confusion). Accordingly, Pinnacle A's motion for a more for a more definite statement will be granted.

To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must allege sufficient facts showing that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay

him minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942-43 (11th Cir. 2012).

The Court begins its analysis by looking at the Complaint. Plaintiff alleges that he "worked for Defendants as a roofer from on or about September 1, 2014 through on or about June 5, 2015" (DE 1 ¶ 10). Plaintiff also alleges that from September 1, 2014 through June 5, 2015, Plaintiff worked an average of 63 hours per week but that he was "never paid anything at all for any hours worked over 40 hours per week." (DE 1 ¶ 18). Notwithstanding the ambiguity in the use of the term Defendants, these allegations plausibly allege that Plaintiff was employed by some defendant and that that defendant failed to pay him minimum or overtime wages.

However, the Court is concerned that Plaintiff has not plausibly alleged facts showing that the defendant(s) engaged in interstate commerce. The Complaint provides no factual allegations regarding the nature of Plaintiff's work for Defendants or how that work relates to interstate commerce. Rather, Plaintiff alleges only that he "worked as a roofer" and that this work "affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." (DE 1 ¶ 11) Plaintiff states that his "work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant." (DE 1 ¶ 11.) As the Court has previously cautioned Plaintiff's counsel, these conclusory statements, which merely recite the elements of an FLSA claim, are

insufficient to plausibly state a claim for an FLSA violation.  See *Bonet v. NOW Courier, Inc. et al.*, Case No. 14-cv-23217, DE 20 (S.D. Fla, December 11, 2014); *Elieser Cuba Olivia v. The Three Rabbits, et al.*, Case No. 14-cv-24913, DE 21 (S.D. Fla. April 13, 2015).

The Court finds that the Complaint fails to allege any facts relating to the nature of Plaintiff's work as a roofer or that works connection to interstate commerce.  Plaintiff's allegations with respect to this element are simply legal conclusions and a formulaic recitation of the second element of an FLSA claim.  While Plaintiff need not provide overly-detailed factual allegations, since Plaintiff's complaint must be amended to provide a more definite statement, Plaintiff should also include allegations relating to the nature of his work, the nature of Defendants' business, and provide straightforward factual allegations connecting that work to interstate commerce.  Likewise, in amending the complaint, if Plaintiff intends to quote specific federal statutes governing his cause of action, Plaintiff's attorneys should ensure that they are correctly quoting those statutes.  Finally, any allegations in Plaintiff's amended complaint shall specifically identify against which Defendant(s) those allegations are made.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or in the alternative for a more definite statement (DE 11) is **GRANTED.**  Plaintiff shall have 14 days to file an amended complaint in accordance with this Order.

5

**DONE AND ORDERED** in chambers in Miami, Florida, this 11th day of August, 2015.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE