UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-22208-CIV-WILLIAMS

BEYMAR OSIEL PEREZ RAMIREZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
       Plaintiff, )
vs. )
 )
PINNACLE A ROOFING COMPANY, )
ROBERT THOMAS, )
 )
       Defendants. )
_____ )
 )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)**

Plaintiff, BEYMAR OSIEL PEREZ RAMIREZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, PINNACLE A ROOFING COMPANY, and ROBERT THOMAS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant PINNACLE A ROOFING COMPANY is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Company was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ROBERT THOMAS is a corporate officer and/or owner and/or manager of the Defendant Pinnacle A. Roofing Company (hereinafter "Corporate Defendant) who ran the day-to-day operations of the Corporate Defendant for the relevant time period

and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states in pertinent part: …"no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a roofer from on or about September 1, 2014 through on or about June 5, 2015. His job duties regularly and daily consisted of, but not limited to, aligning roofing materials with edges of roofs; applying alternate layers of hot asphalt or tar

or other material and roofing paper to roofs; applying gravel or pebbles over top layers of roofs by using rakes or stiff-bristled brooms; applying plastic coatings and membranes, fiberglass or felt over sloped roofs before applying shingles or other material; cement or nail flashing-strips of metal or shingle or other material over joints to make them watertight and cover exposed nailheads with roofing cement or caulking to prevent water leakage and rust.

10. Ramirez handled goods and material in the course of his employment with Defendants and these goods and material were regularly used as part of his duties as an employee of Defendants.  These goods include, but are not limited to roofing shingles, vents and accessories from Missouri; polyurethane foam insulation, reflective roof coatings and equipment from Texas; resins, synthetic roofing membranes, roofing reinforcements, SBS modified butane, rubberized asphalt, gypsum, polymeric liquid applied, sheet metal systems, surfacing, and underlayment and accessories from Ohio and Canada.  Further, Ramirez regularly and while employed by Defendants used tools and machinery which were created or manufactured outside the state of Florida; used parts and materials which were also from outside the state of Florida.  Additionally, Ramirez regularly used Defendants cleaning supplies and other materials for the relevant time period which were manufactured outside Florida.

11. During the relevant period, Defendant Pinnacle A Roofing was engaged in interstate commerce, because it purchased and or/ regularly used supplies and materials which moved in interstate commerce. Furthermore, the very nature of Plaintiff's work as a roofer is connected to interstate commerce because he regularly handled materials which moved in interstate commerce. Defendant's business activities, therefore, involve those to which the Fair Labor Standards Act applies.

12. Both Defendants business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who regularly handled goods or materials that travelled through interstate commerce, as detailed in paragraphs 9, 10 and 11, above or used instrumentalities of interstate commerce, thus making Defendants business an enterprise covered under the Fair Labor Standards Act.  In particular Defendants' business involved installing new roofing materials, waterproofing roofing and repairing roofs.  These roofs were created from products manufactured outside of Florida and used in interstate commerce. Products such as nails, resins, wood, sheetmetal, polyurethane foam insulation, reflective roof coatings; resins, synthetic roofing membranes, roofing reinforcements, SBS modified butane, rubberized asphalt, gypsum, polymeric liquid, surfacing, underlayment and accessories and equipment.

14. Upon information and belief, the Defendant Corporation, Pinnacle A Roofing Company, had gross sales or business done in excess of $500,000 annually for the years 2013 and 2014.

15. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $250,000 for the first six months of the year 2015 and is expected to exceed $500,000 for the year 2015.

16. Individual Defendant ROBERT THOMAS was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

17. Between the period of on or about September 1, 2014 through on or about June 5, 2015, Plaintiff worked an average of 63 hours a week for Defendants and was paid an average of $18.75 per hour and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about September 1, 2014 through on or about June 5, 2015, there were many regular-time hours for which Plaintiff was never paid anything at all.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW Plaintiff, by and through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

20. Plaintiff was an employee of both Defendants, Pinnacle A. Roofing Company and Robert Thomas.

21. On or about June 5, 2015, Plaintiff made a demand for his unpaid overtime wages to the corporate Defendant, Pinnacle A. Roofing Company and to Robert Thomas.

22. Immediately thereafter Plaintiff was terminated by Defendants.

23. The motivating factor for Defendants' termination was due to Plaintiff asserting a claim for legally mandated wages under the FLSA.

24. Said termination of Plaintiff is in direct violation of 29 U.S.C. 215(A)(3) because the motivating factor for said termination was due to Plaintiff's demand for his legally mandated wages under the FLSA and, as a result, Plaintiff has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, as well as all other damages recoverable by law under 29 U.S.C. 216(b). *The Plaintiff requests a trial by jury*.


Respectfully Submitted,

STEVEN C. FRASER
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:/s/*Steven C. Fraser*
   STEVEN C. FRASER
     Florida Bar Number: 625825

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2015, I electronically filed the AMENDED COMPLAINT with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

   __/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

Email: steven.fraser.esq@gmail.com

SERVICE LIST

<u>Via cm/ECF</u>

BARRY OLIVER CHASE
Chase Lawyers
21 SE 1st Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 373-7665
Facsimile: (305) 373-7668
barry@chaselawyers.com